### In re SABSEVITZ.

(District Court, S. D. New York. May 13, 1912.)

1. BANKRUPTCY (§ 374*) — COMPOSITION — OBJECTIONS — FAILURE TO KEEP BOOKS.

Where a bankrupt kept a double entry system of books which on their face showed his precise situation, with the single exception of a loan for which certain diamonds had been pledged as collateral, and this loan was entered in the books and on his trial balance of August 1, 1911, and it also appeared that a memorandum of the collateral, the amount and due dates of payments on account was also kept at his place of business and was not concealed, composition would not be denied confirmation on the ground that the bankrupt failed to keep books of account or records from which his financial condition might be ascertained with intent to conceal the same.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 575; Dec. Dig. § 374.*]

2. BANKRUPTCY (§ 381*)—COMPOSITION—MATERIALLY FALSE STATEMENT TO OBTAIN CREDIT.

Where a bankrupt submitted a statement to a creditor, not to obtain a general line of credit, but under special circumstances to obtain goods which were fully paid for, and the creditor did not rely on the statement complained of, he was not entitled to prevent confirmation of a composition on the ground that the bankrupt had obtained property on credit on a materially false statement in writing to the objecting creditor to obtain credit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591; Dec. Dig. § 381.*]

In the matter of bankruptcy proceedings of Meyer Sabsevitz. Application for confirmation of a composition, to which certain creditors filed objections. Objections overruled, and composition confirmed.

John J. Schwartz and David Burr Luckey, both of New York City, for bankrupt.

Cornelius W. Wickersham, of New York City, for the motion.

George Carlton Comstock and Harold T. Edwards, both of New York City, opposed.

MAYER, District Judge. The bankrupt proposes a composition of 40 per cent. He owes about $75,000 to 80 creditors, 58 of whom, having claims of about $56,000, have consented in writing to the composition. Of these, one-half in number, representing claims of nearly $40,000, have waived cash payments and indorsed notes (as proposed), and in lieu thereof have agreed to take the bankrupt's un-

---

indorsed notes. One creditor with a claim of a little over $2,000 objects, and is supported by one other creditor who is not a formal objector. Except these two creditors, every one who has made his wishes known believes in the good faith of the bankrupt and is anxious that the composition shall become effective.

From the record it is obvious that the composition is for the best interest of the creditors and should be confirmed unless barred because the bankrupt has committed acts within the inhibitions of the Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

Two objections only need be considered: (1) That the bankrupt, with intent to conceal his financial condition, failed to keep books of account or records from which such condition might be ascertained; and (2) that he obtained property on credit on a materially false statement in writing made by him to the objecting creditor for the purpose of obtaining credit from that creditor.

[1] First objection: It is conceded that with a single exception the entries in the bankrupt's books were full and accurate. Indeed, the bankrupt latterly kept books on the double entry system which, on their face, showed his precise situation with the single exception complained of. This exception is known as the Seader account. The bankrupt borrowed $5,000 from one Seader, giving diamonds as collateral. The bankrupt was to repay Seader in certain installments, and, as he paid, his collateral security was correspondingly reduced so that when he became a bankrupt he owed only $1,500, against which he estimated that Seader had $2,000 worth of diamonds as collateral.

This loan was entered in the bankrupt's books and appears on the trial balance of August 1, 1911. The bankrupt kept, at his place of business, a memorandum of the collateral, the amount and due dates of the payments on account, and that record, it is apparent, was in no way concealed. I suppose the Bankruptcy Act is not an academic statute, and that the court should always seek to ascertain whether or not the bankrupt really meant to conceal his true financial condition by failing to keep true books of account or records. Without detailing all the facts and circumstances (with which the contesting parties are fully familiar), I conclude that not only has the objecting creditor failed to show the intent to conceal, but that it affirmatively appears that there was no intent to conceal financial condition by failure to keep books of account or records from which such condition might be ascertained.

[2] Second objection: While this is discussed at length with commendable care by both counsel, it narrows down to a very simple situation. The objecting creditor did not rely on the statement complained of. Its representative was wide-awake. He had practically withdrawn credit. He was not concerning himself so much with the real condition of the bankrupt as he was with bringing about what he supposed was a well-riveted legal situation by which he could hold the bankrupt if anything happened. The particular transaction in respect of which the statement was made and the credit given was en-

tered into under special circumstances, and the goods then bought were fully paid for.

The bankrupt did not, then nor thereafter, need the favor of the objecting creditor. He was getting much more lenient consideration in other quarters, and when the subsequent sales were made, the able and farseeing representative of the objecting creditor was not relying on the written statement of the bankrupt, but was willing to take a chance on his own judgment, and, besides, he wanted back some of the bankrupt's business which the latter had been giving to competitors.

I am not keen to discover technical grounds upon which a bankrupt may escape the consequences of wrongful acts; but in this case the previous course of the objecting creditor toward the bankrupt, the form of the typewritten summary, the addendum in the handwriting of the objecting creditor's representative, the small amount of the goods delivered to Cohen and charged against the bankrupt, the information as to the bankrupt's condition from other and reliable quarters, and, in brief, the whole situation, negative the claim that the objecting creditor relied on the paper which the bankrupt signed at the instance of the representative of the objecting creditor.

In view of the reasons already stated, it is unnecessary to indulge in an extended analysis of the figures in the statement complained of, and especially as I am not satisfied that the bankrupt submitted this statement to obtain a general line of credit.

Objections disallowed, and composition confirmed. Submit order on one day's notice.