## In re NEUMAN.

### (District Court, D. Montana. October, 1917.)

1. BANKRUPTCY ☞407(5)—DISCHARGE—GROUNDS FOR REFUSAL—FALSE STATEMENT TO OBTAIN CREDIT.

Where bankrupt made a materially false statement in writing as a basis for credit, and obtained credit, it is not sufficient to show that the statement was not relied on, and, to entitle bankrupt to a discharge, that the creditor noted "Caution" thereon as a guide to his salesman.

2. BANKRUPTCY ☞225—REFEREES—EXCLUSION OF EVIDENCE.

A referee is without authority to exclude evidence on objection.

In Bankruptcy. In the matter of J. S. Neuman, bankrupt. On objections to bankrupt's discharge. Discharge denied.

Wm. F. O'Leary, of Great Falls, Mont., for bankrupt.
Freeman & Thelen, of Great Falls, Mont., for objecting creditors.

BOURQUIN, District Judge. [1] The referee found the bankrupt, a small merchant, made a materially false statement in writing to secure credit; but, because the creditor noted "Caution" upon the statement, instructed its local branch to limit the credit to about $350, and presented no direct testimony that it relied on the statement, the referee found that some $800 of credit subsequent to the statement was not in reliance upon and induced by it. These findings upon undisputed evidence are rejected.

The property statement involved, in appearance and substance, bore the stamp of carelessness and inefficiency, and doubtless that and the fact that title to all the realty, the great bulk of the property, was in other Neumans, aroused some misgiving. But these statements are made to secure credit, are relied on, and induce credit, always subject to some limit. In the instant case, so far as appears, the credit was the first given, was based on no information but the statement, and would not have been given otherwise. Direct testimony of reliance and inducement is not indispensable. The rule is that, after positive proof of false material representations to induce action, and that the action was taken, it will be inferred the action was in reliance on and induced by the representations; and the burden shifts to the falsifier to overcome the inference. Hicks v. Stevens, 121 Ill. 186, 11 N. E. 243; Wilson v. Administrator, 91 Va. 183, 21 S. E. 245, 50 Am. St. Rep. 824; Fishback v. Miller, 15 Nev. 443; Randall, etc., Co. v. Mineral Water Co., 120 Minn. 268, 139 N. W. 606, 43 L. R. A. (N. S.) 706; Pom. Eq. Jr., § 891. These will guide to some cases contra.

This is the common law, wherein, in actions of deceit and the like, reliance, inducement, intent, mental condition, etc., are arrived at by logical inference from circumstances; parties not being qualified witnesses. That parties may now testify thereto does not annul the rule. And it may be observed that, if the circumstances do not warrant the inference, parties' testimony thereto, being to personal consciousness inaccessible to other testimony, is of doubtful value. Of course, fraud is not presumed, and must be proven; but this general

and abused phrase does not import that after positive proof of the representations, their falsity, and action taken, reliance, and inducement as consequence, cannot, like other issues, be proven by logical inference.

[2] It is reasonable to believe, and it is believed, that Neuman's statement was relied upon by his creditor, and induced in whole or in part the credit that followed it. Accordingly it is so found, the objection is sustained, and discharge denied. The referee assumed to sustain objections and to exclude evidence. These proceedings are in equity, and subject to its rules. Referees, like masters, for obvious reasons, have no such authority.