## In re DAY.

No. 54082.

District Court, D. Massachusetts.

Jan. 16, 1935.

Medley T. Holdsworth, of Lynn, Mass., for bankrupt.

Harry A. Simon, of Salem, Mass., for creditor.

BREWSTER, District Judge.

This matter comes before the court upon the referee's report concerning bankrupt's application for a discharge.

█ From the report it appears that the bankrupt made a materially false statement, in writing, respecting his financial condition at a time when he applied for a loan from the objecting creditor, the Industrial Bankers of Lynn, Inc. The bankrupt gave security for this loan. The referee finds that there is no evidence that the creditor relied upon the written statement in making the loan. He nevertheless finds that the loan was obtained by the bankrupt by making a materially false statement in writing respecting his financial condition and recommends that the petition for discharge be denied. This recommendation cannot be adopted. It seems to be settled, in this and other jurisdictions, that it is necessary not only for the creditor to show a false statement in writing respecting the bankrupt's financial condition, but that the creditor, from whom the money was obtained, relied upon this statement. In re Kaplan (D. C.) 141 F. 463; In re Shaffer (D. C.) 169 F. 724, 726; In re Sabsevitz (D. C.) 197 F. 109; In re O'Callaghan (D. C.) 199 F. 662; Bank of Monroe v. Gleeson (C. C. A.) 9 F.(2d) 520; International Shoe Co. v. Kahn (C. C. A.) 22 F.(2d) 131; In re Hargrove (D. C.) 55 F.(2d) 996.

In view of the referee's statement that there was no evidence upon which he could find that the creditor relied upon the written statement in making the loan, it follows that the creditor has not gone far enough to defeat the discharge, and it will, therefore, be granted.