In re RICEPUTO.

No. 39959.

District Court, E. D. New York.

Nov. 17, 1941.

was materially false in that it did not state that Realty Associates Inc. had obtained a judgment against the bankrupt some time prior thereto and the said Family Finance Company relying upon said statement extended the moneys and credit to the bankrupt."

The Referee sustained the specification of objection and denied the bankrupt's discharge. The proceeding before the Referee on the application for the discharge was very brief, consisting of seven and a half pages of motions, objections, colloquy and testimony.

On September 6, 1932, a judgment was docketed against the bankrupt for the sum of $497.48 in the Municipal Court of the City of New York, State of New York.

On January 3, 1940, the bankrupt borrowed $54.82 from the Family Finance Corporation. In order to obtain such loan the bankrupt made a financial statement in writing in which he stated, among other things, "To induce you (Family Finance Corporation) to extend credit to me, I do hereby state the facts to be: 1. That I am not indebted to any person, firm or corporation." On November 8, 1940, on the voluntary petition of the bankrupt he was adjudicated such.

■■ To bar a discharge for making a materially false financial statement in writing respecting the bankrupt's financial condition it is necessary not only for the creditor to show a false financial statement in writing respecting the bankrupt's financial condition, but that the creditor from whom the money was obtained relied upon such statement. See In re Day, D.C., 11 F.Supp. 400; International Shoe Co. v. Kahn, 4 Cir., 22 F.2d 131. Reliance by a lender of money may be established by circumstances indicating that it extended credit upon a false financial statement.

■ There was received in evidence not only proof of the judgment but the financial statement which contains the words above quoted to the effect that the financial statement is made in order to obtain credit. That was all that the creditor was required to prove in the first instance. The burden was then upon the bankrupt to go forward with evidence showing that he was not served with the summons of the State Court which resulted in the judgment and that in fact the Family Finance Corporation which made the loan to him did not extend credit relying upon the financial statement. The

Julius Wolfson, of New York City, for bankrupt.

Joseph Jaspan, of Brooklyn, N. Y., for objecting creditor.

MOSCOWITZ, District Judge.

This is a motion for an order "to review the determination and disposition of the said Referee and to vacate and set aside the order made by the said Referee and upon said review to grant and permit the discharge of the Bankrupt."

The following specification of objection was filed by Realty Associates, Inc., a creditor: "First: That the bankrupt executed a financial statement in writing and delivered same to the Family Finance Company for the purpose of obtaining money and credit and that said financial statement

bankrupt has not offered any proof rebutting the proof of the creditor that the Family Finance Corporation relied upon the financial statement and extended credit as a result thereof.

■ In the absence of proof to the contrary, where it appears that there were materially false representations made by a debtor in order to obtain a loan and that the financial statement contains a provision that the financial statement is made in order to obtain credit, it may be inferred that "the action was in reliance on and induced by the representations; and the burden shifts to the falsifier to overcome the inference." In re Neuman, D.C., 251 F. 667.

■ The bankrupt makes the point that he was not served with the summons which resulted in the judgment. Full faith and credit should be given to the judgments obtained in the Courts of the States of the United States having jurisdiction of the person and subject matter of the judgment debtor.

■ In the first instance the proof with respect to the judgment is complete upon the creditor establishing a judgment was obtained against the bankrupt. It will be presumed that the judgment debtor (the bankrupt) was duly served with process which resulted in the judgment. Here the bankrupt went forward with proof and testified that he was never served with a summons in the action which resulted in the judgment; further that he never had any knowledge thereof until he received a letter dated October 31, 1940 from Joseph Jaspan, attorney for objecting creditor (Bankrupt's Exhibit No. 4), although the judgment was obtained September 6, 1932, and that he never received any communication from the judgment creditor or any lawyer concerning the same, except the letter of October 31, 1940, and that he had never been examined in supplementary proceedings.

■ The Referee in his opinion states: "I am not at all convinced by the bankrupt's testimony that he did know of an action brought against him by the Realty Associates, Inc. or that he was ever served in this action." The determination of the Referee upon the facts should not be lightly disturbed as he had an opportunity to observe the witnesses, their demeanor and manner.

The testimony of the bankrupt consists of less than three and a half pages, principally of denials of knowledge of the judgment and there is nothing apparently false in his testimony.

■ There should be a more complete examination of the facts relating to the judgment, proof should be offered by the process server of the service of the summons or, if he cannot be produced, proof should be offered to that effect, but it will not be presumed that the bankrupt was not served with the process, as a matter of fact the presumption is he was but it would seem that he has offered evidence apparently overcoming the presumption.

The matter should be referred back to the Referee for further proof relating to the service of the summons.

Settle order on notice.