**BANKS v. SIEGEL.**

**Matter of BANKS.**

**No. 6011.**

United States Court of Appeals
Fourth Circuit.

Argued March 8, 1950.

Decided April 11, 1950.

Israel Steingold, Richmond, Va. (Samuel A. Steingold, Richmond, Va., on brief), for appellant.

Geo. V. Credle, Jr., Norfolk, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Alvin Leroy Banks filed a voluntary petition in bankruptcy on April 13, 1949, and on the same day was adjudged a bankrupt. Sidney Siegel was subsequently elected his trustee in bankruptcy. On May 23, 1949, the trustee filed an objection to the bankrupt's discharge. A hearing was held before the Referee who, by his order of July 13, 1949, denied the bankrupt a discharge. This order was affirmed, on October 5, 1949, by the District Court of the United States for the Eastern District of Virginia. The instant appeal is from the judgment of the District Court.

Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), provides that the court need not grant a discharge if the bankrupt has "obtained money or property on credit * * * by making or publishing * * * a materially false statement in writing respecting his financial condition." On March 29, 1949, the bankrupt and his wife applied to the Liberty Loan Corporation of Virginia for a loan of $300.00, and in connection therewith executed a form supplied by the loan company entitled "Loan Application." On this "Loan Application," the purpose of the loan was stated to "pay bills." Data on the back of the application showed that the loan company made a credit investigation and found that the bankrupt owed approximately $125.00 to local clothing and department stores. The investigation disclosed that the debts were regularly paid within thirty days. On the loan application, in response to the question as to "Indebtedness to Banks," appeared the abbreviation "N. B. O. C." (presumably the National Bank of Commerce of Norfolk), followed by a question mark in the amount column. On March 31, 1949, the bankrupt came to the office of the loan company to close the loan and in conjunction with his wife signed and swore before a Notary Public to a statement of indebtedness. In this statement the bankrupt indicated that he owed no debts. To secure the loan the bankrupt executed a deed of trust on furniture owned by him and valued by the Loan Company at $1,000. The written statement made by the bankrupt to the effect that he had no liabilities was false for the bankrupt actually owed about $23,000.

The bankrupt contends that the court below erred in denying the discharge because the Loan Company, he alleges, did not rely on the false statement. It is true that a discharge will be granted if there was no reliance upon the false financial statement by the party making the loan. In re Little, 2 Cir., 65 F.2d 777; In re Day, D.C., 11 F.Supp. 400. A partial reliance on the false statement, however, is sufficient to sustain an objection to the discharge. In re Philpott, D.C., 37 F.Supp. 43, 46; In re Hochberg, D.C., 17 F.Supp. 916, 918. There may be a sufficient reliance on the false statement even though the creditor has made an independent investigation of the debtor's financial status. In re Muscara, D.C., 18 F.2d 606, 607; In re Applebaum, 2 Cir., 11 F.2d 685, 686. Nor does the fact that the Loan Company required security for the loan necessarily negative the Loan Company's reliance on the false statement. In re Slohm, D.C., 10 F.Supp. 351, 354.

The bankrupt testified that he told Miss Freeman, an employee of the Loan Company, that "he owed some bills and offered to go home and get them," and he further stated that she then informed him that "he would not have to do that, but could merely fill in the answers 'none' to questions on Exhibit 'A' (the statement of indebtedness) as to his liabilities." Miss Freeman, however, denied that any such conversation had occurred. This conflict in testimony presented an issue for the determination of the Referee, who saw and heard the witnesses and whose finding was accepted by the District Court. Questions of credibility should not be resolved by appellate courts; therefore we will not set aside the finding of the court below that the bankrupt acted in bad faith in making the false statement.

The Branch Manager of the Liberty Loan Corporation, who passed on the loan, testified that he relied on the statement of the bankrupt in making the loan to him, and upon the statement of indebted-

ness was printed: "This statement is taken and relied upon by Liberty Loan Corporation in order to extend credit confidentially and without delay." The Branch Manager further testified that "he would not have approved the loan, had he known the total amount of bankrupt's debts at the time." In his Conclusions of Law the Referee stated: "A man with $125.00 in debts, owning a jewelry business and household furniture, is truly a better credit risk than a man with the same assets and $23,000. in debts."

There was a sufficient reliance by the Loan Company upon the false financial statement made by the bankrupt, and the order of the District Court denying the discharge will be affirmed.

Affirmed.