810

## In re AXEL.

United States District Court
S. D. New York.
Oct. 13, 1951.

Freiman & Brecher, New York City (Louis Jay Brecher, New York City, of counsel), for Bankrupt.

Henry W. Parker, New York City, for objector.

S. H. KAUFMAN, District Judge.

This is a petition to review an order of a referee denying petitioner a discharge in bankruptcy.

The objecting creditor is the Industrial Bank of Commerce. In December 1947, petitioner borrowed $3,360 from this bank, giving as security a chattel mortgage on an automobile. Subsequently, on petitioner's failure to pay the note, the car was sold, and the proceeds of the sale were applied in reduction of the loan. There remained an unpaid balance of $1,100 on this loan at the time the petition in bankruptcy was filed.

In August 1948, petitioner obtained another loan from the Industrial Bank of Commerce, this time in the amount of $1,650. In his written application for this

loan, petitioner stated that he had no outstanding installment loans other than the aforementioned one of December 1947, whereas, in fact, a balance of $287.92 was then due on a loan he had procured from Local Loan Co. on July 2, 1948.

The Industrial Bank of Commerce contends that the petition should be denied because the statement in petitioner's application to it for the August 1948 loan was materially false, was known to petitioner to be false, and was relied on by the bank.

Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), provides: "The court shall grant the discharge unless satisfied that the bankrupt has * * * obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *: *Provided,* That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

■ Although the indebtedness to Local Loan Company amounted to no more than a few hundred dollars, this is not a valid basis for holding that the information given in relation to it was immaterial. Morris Plan Industrial Bank of New York v. Parker, 2 Cir. 1944, 79 U.S.App.D.C. 164, 143 F.2d 665, 666. And it is of no significance that the loan obtained by means of the false statement has been repaid. In re Haggerty, 2 Cir. 1948, 165 F.2d 977, 980. Hence, sufficient was shown to satisfy the referee that petitioner had committed an act which would warrant denial of his discharge, and,

accordingly, the burden shifted to the bankrupt to prove that he had not obtained money on credit by making a materially false statement in writing respecting his financial condition.

■ The word "false" as used in the statute imports an intention to deceive. Schapiro v. Tweedie Footwear Corp., 3 Cir. 1942, 131 F.2d 876, 878. Thus it would be sufficient if petitioner had proved to the satisfaction of the trier of the facts that although the statement was erroneous there was no intent to deceive. This he failed to do.

■ Petitioner contends that because the lender insisted that a co-maker be obtained before advancing the loan, it is evident that there was no reliance on petitioner's statement. Such insistence by the lender does not necessarily negate reliance on the false statement; reliance sufficient to bar a discharge is present though it be only partial. Banks v. Siegel, 4 Cir. 1950, 181 F.2d 309.

■ Petitioner makes a further attempt to prove nonreliance by claiming that he was advised by Bonura, the manager of the Allen Street branch of the Industrial Bank of Commerce, that he need not disclose the existence of the $300 loan in his application since it was not a loan from a bank. This was denied by Bonura. The referee, in whose presence the testimony was given, could best determine the witnesses' credibility. Upon the entire record in this case, it cannot be said that the referee's finding that petitioner had failed to sustain his burden was clearly erroneous, and it therefore becomes the duty of the district court to accept the findings of the referee. General Orders in Bankruptcy No. 47. See also In re Berberich, 7 Cir. 1951, 190 F.2d 53, 55. His order denying the discharge must, therefore, be affirmed.

Settle order on notice.