**In the Matter of Joseph FREEMAN,
Bankrupt.**

**No. 64046.**

United States District Court
S. D. California, Central Division.

May 31, 1955.

---

David A. Fall, San Pedro, Cal., for bankrupt.

J. F. Marshall, Long Beach, Cal., for Medical Finance Ass'n, objecting creditor.

BYRNE, District Judge.

Medical Finance Corporation has petitioned for a review of the Referee's order discharging the bankrupt. The petitioner is a creditor who objected to the discharge of the bankrupt on the ground that the bankrupt obtained money and property from the Aetna Finance Company by making and publishing a false financial statement.[1]

It is undisputed that the bankrupt obtained a renewal or extension of a loan from Aetna[2] at a time when there

---

1. 11 U.S.C.A. § 32, sub. c(3).

2. The objecting creditor in this case is not the alleged defrauded creditor. However, creditors other than the defrauded creditor may oppose a discharge on the "false financial statement" grounds of 11 U.S.C.A. § 32, sub. c(3). In re Haggerty, 2 Cir., 165 F.2d 977; Remington on Bankruptcy, Vol. 7, 5th Ed., Sec. 3325.

was an outstanding judgment against him in favor of the objecting creditor, in the amount of approximately $2,000. Nor is it disputed that he did not list this indebtedness on the financial statement given to Aetna. Only three creditors were listed on this financial statement followed by the notation, "This is all we owe on bills."

■■ Even where there has been a false financial statement, a discharge will not be denied unless there was reliance on the statement. Where it is shown that a false financial statement has been made, the burden is on the bankrupt to show that there was no reliance on the statement. Morris Plan Industrial Bank v. Parker, 1944, 79 U.S.App.D.C. 164, 143 F.2d 665; In re Savarese, D.C.N.Y.1944, 56 F.Supp. 927; In re Neuman, D.C. Mont.1917, 251 F. 667. In the instant case the bankrupt made no showing of non-reliance; indeed he was not even present at the hearing on the objections to his discharge.

According to the Referee's certificate on review, one Jack Boecher, Regional Manager of the Aetna Finance Company, testified that on or about December 3, 1954, he renewed or extended a loan to the bankrupt in the amount of $250; that he had no knowledge of the existence of a debt by judgment in favor of the objector; that the financial statement was presented to his company before the extension; that if he had known of this judgment, "the method of repayment of the judgment might have affected the loan"; that he relied upon the statement and other factors in extending credit.

■ The testimony of Aetna's manager that he "relied upon the statement and other factors" is not contradicted. A creditor need not have relied solely on false information given out by the bankrupt; partial reliance is sufficient. Yates v. Boteler, 9 Cir., 1947, 163 F.2d 953; Banks v. Siegel, 4 Cir., 1950, 181 F.2d 309; In re Philpott, D.C.W.Va. 1940, 37 F.Supp. 43.

■■ In his certificate on review, the Referee states, "The situation appeared to be very similar to that found in the case of In re Anderson [D.C.], 104 F. Supp. 599." In the Anderson case the bankrupt testified the loan officials told him it was not necessary to put down the names of all his creditors. This testimony was contradicted; the trier of fact believed the bankrupt and resolved the conflict in his favor. Here there is no conflict. The facts are uncontradicted.

The Referee should have denied the bankrupt's discharge either on the basis of the evidence before him, or on the ground that by failing to appear at the hearing on objections the bankrupt waived his right to a discharge. 11 U.S.C.A. § 32, sub. e. The order granting a discharge is reversed.