152 So.2d 830 (1963)
C H F FINANCE COMPANY, Inc.
v.
Philip J. CORCA et al.
No. 1007.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
George W. Weber, New Orleans, for plaintiff and appellant.
*831 Lambert J. Hassinger, New Orleans, for defendant and appellee.
Before McBRIDE, REGAN and YARRUT, JJ.
McBRIDE, Judge.
This is a suit against defendant on his $200 promissory note dated December 1, 1960, for the alleged balance due thereon, to-wit: $190.42; the defense is that defendant was discharged in bankruptcy which relieves him from the indebtedness; plaintiff countered with the contention that the note was given by defendant and accepted by it in connection with a transaction with defendant which it was induced to enter into by virtue of a false and fraudulent financial statement given by defendant in writing upon which it relied, and that the discharge is not effective against plaintiff's claim.
After trial, the suit was dismissed and plaintiff appeals.
Plaintiff is licensed under the Small Loan Act as a moneylender. On May 10, 1960, it lent defendant $100 and took his note for that sum payable in installments. Up to November 8 defendant repaid $37.51 and on December 1, 1960, he was in default on the note to the extent of 5 cents. Notwithstanding the paltry amount overdue, under the terms of the acceleration clause the entire balance on the note was due and exigible.
On December 1, 1960, defendant desired additional cash, so pursuant to an agreement with plaintiff via telephone, he made arrangements for a $200 loan to be represented by his note for said sum; he was to receive $114.49 in cash and $62.49 of the proceeds of the loan was to be retained by plaintiff in payment of the balance due on the previous note dated May 10, which we suppose has been cancelled and returned to defendant.
The consummation of the transaction was predicated upon defendant's production of a comaker to sign the note; plaintiff also exacted that defendant give a written financial statement on a form furnished him. This statement does not set forth the true condition of defendant's financial condition as of its date. The statement reflects that defendant had only two creditors; he represented he owed plaintiff two amounts and was indebted to a furniture store, his total obligations aggregating $730.98. Defendant then wrote in his own handwriting: "I have no other debts." The truth is defendant was indebted to a large number of other creditors for his bankruptcy schedules reflect that on the date of the loan transaction he also owed eleven finance companies a total of more than $3,500.
Under the provisions of Section 17 of the Bankruptcy Act, (11 U.S.C.A. § 35) a discharge does not have the effect of releasing the bankrupt's liabilities for obtaining money or property by false pretenses or false representations.
Before the mentioned section of the Bankruptcy Act would be applicable, it is incumbent on the plaintiff to show: (1) That defendant made false representations; (2) that such were made with the intention of defrauding plaintiff; and (3) that plaintiff relied upon and was misled by the false pretenses or representations. De Latour v. Lala, 15 La.App. 276, 131 So. 211.
We have carefully read and analyzed the testimony herein and are impelled to conclude that plaintiff has carried the burden of proving the essentials mentioned above. After such showing by plaintiff, the burden shifted to defendant to bring in evidence to disprove any intent on his part to deceive. Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155; Accounts Supervision Company v. Atley, La.App., 89 So.2d 508. Defendant, on the other hand, has not carried his burden. The only explanation he gives is that he did not think it necessary to disclose all of his debts because he was required to furnish a comaker. He admits he was not told by anybody at plaintiff's establishment that it was *832 unnecessary to make disclosure of all of his obligations.
The focal question is whether the requirement that defendant furnish a comaker dispensed with his giving a correct financial statement. It is contended on his behalf that plaintiff did not rely on the financial statement to any extent but instead relied solely on the solvency of the comaker to protect it against loss on the loan. The evidence does not support such a contention and the testimony of plaintiff's manager is that the relied not only on the comaker but also on the financial statement, and that he would not have made the loan had the defendant been "over obligating" himself. The worst that can be said against plaintiff is that it only partially relied on the financial statement in view of there being a comaker. However, the jurisprudence in the federal courts is uniform to the effect that the partial reliance by one on a false financial statement is sufficient to bar a discharge of the debt in bankruptcy. Yates v. Boteler, 9 Cir., 163 P.2d 953; In re Freeman, D.C., 131 F.Supp. 437; In re Axel, D.C., 103 F.Supp. 810; In re Hochberg, D. C., 17 F.Supp. 916. Even where collateral is posted in addition to the giving of a financial statement, this circumstance does not relieve the debtor where the statement as well as the collateral were relied upon. In re Bernstein, 7 Cir., 197 F.2d 378; In re Slohm, D.C., 10 F.Supp. 351. Nor is the debtor relieved where a chattel mortgage is given in addition to the false statement. Banks v. Siegel, 4 Cir., 181 F.2d 309.
The discharge defendant holds does not release him from the claim plaintiff asserts as defendant was guilty of having obtained money and property by false pretenses or false representations which were relied upon by plaintiff. Defendant's previous note dated May 10, 1960, which was fully matured must be considered property. C H F Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534.
For the reasons above assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendant in the sum of $190.42, with 3½ per cent per month interest on any unpaid principal sum not in excess of $150 from December 14, 1960, to December 10, 1963, after which date interest shall run at the rate of 8 per cent per annum on any unpaid principal balance then due and owing, until paid, together with 25 per cent attorney's fees on principal and interest; defendant is cast for the costs of both courts.
Reversed and rendered.