164 So.2d 132 (1964)
BENEFICIAL FINANCE COMPANY, INC.
v.
George W. GARDACHE et al.
No. 6103.
Court of Appeal of Louisiana, First Circuit.
April 6, 1964.
Rehearing Denied June 1, 1964.
Cole & Mengis, by Warren L. Mengis, Baton Rouge, for appellant.
Franklin & Keogh, by Joseph F. Keogh, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
The plaintiff filed suit against the defendants, George W. Gardache and Mary E. Gardache, to recover the sum of $1,030.16, plus interest and attorneys fees together with the cost of these proceedings. The defendants executed a promissory note *133 payable to Beneficial Finance Company on June 21, 1960, and made no other payments on the note after September 21, 1960. The defendant George W. Gardache was adjudged a bankrupt on July 11, 1961 and was discharged from the indebtedness sued upon in this particular suit. Suit was filed by the plaintiff on August 29, 1961 and the defendants set forth as a defense the discharge in bankruptcy as to any indebtedness on said note.
By stipulation of counsel it was admitted that the bankruptcy proceedings were regularly filed on behalf of George W. Gardache only and that the debt sued upon was properly listed, and that the notice was received by the plaintiff, Beneficial Finance Company of Louisiana, and that a discharge was subsequently granted to George W. Gardache of all of his dischargeable obligations.
The case was duly tried and written reasons for judgment were assigned in favor of the defendant, George W. Gardache and against the plaintiff, dismissing plaintiff's demands as to the defendant. Judgment was rendered against the defendant, Mary E. Gardache, since she had not been discharged in bankruptcy. From this judgment the plaintiff, Beneficial Finance Company, filed a devolutive appeal. Mary E. Gardache failed to appeal and therefore the judgment is final against her individually.
Since the defendant, George W. Gardache, was adjudged a bankrupt, the plaintiffs are contending that this particular debt was one that was not affected by the bankruptcy discharge under the authority of the Bankruptcy Act Section 17, U.S.Code, Title 11, Chapter 3, Section 35. Under Section 17a (2), liabilities for obtaining money or property by false pretenses or false representations may not be discharged.
The plaintiff in this case is relying primarily on a document introduced in the record which is an application and a financial statement dated June 21, 1960. This is a form furnished by the plaintiff to the defendant at the time the defendant applied for a loan of $1,176.30. In the application and final statement there is a clause which we quote as follows, to-wit:
"For the purpose of showing my ability to repay the same and induce you to grant said loan, I hereby grant that a list of all my debts and liabilities is as follows:
"Associates Discount Corporation (auto) Amount owed $1700.00 monthly installments being paid $50.00.
"Gulf Coast Corporation $8,200.00 monthly installments being paid $51.00;
"Gulf Union & Investment Corporation $8,300.00 monthly installments being paid $61.00;
"Crawford Home & Loan Corporation $15,700.00 monthly installments being paid $102.00."
The statement was signed by Mr. George W. Gardache. He also stated on the application that his income was $10,000.00 per year. It was also noted on the application that two of the pieces of property brought income and they were actually supporting themselves by the income derived from the property. The totals in the amount owed column were incorrectly set forth at $35,300.00 when actually a correct addition of these totals would amount to $33,900.00.
On June 21, 1960, when the application for the loan to Beneficial Finance Company was made, the defendant owed various other debts which were not listed totalling $4370.31. A second mortgage on one of the pieces of real estate totaling $1700.00 was omitted, and a $880.00 debt to another finance company, Commercial Credit Plan, was omitted as well as a $500.00 obligation to Residential Developers and a number of others. Of the total obligations shown on the financial statement of $33,900.00 the amounts omitted would appear small, however, all but $1700.00 of this total amount affected the real estate of the defendant which was either income producing *134 or his home. It becomes obvious that the indebtedness omitted from the financial statement was very material and when omitted the statement itself was materially false. The defendant George W. Gardache was an accountant and was fully aware of the fact that he had deliberately left the indebtedness described off the financial statement because he knew he was financially in bad shape and a full disclosure would most probably have resulted in a denial of the loan. He frankly admitted these facts but limited his admission that he would have failed to obtain a loan had he made a full disclosure "to a stranger company". We believe he would not have obtained the loan from the plaintiff had he made a full disclosure.
It was also established that none of the creditors to whom the defendant owed this $4,370.31 were members of the Lender's Exchange. The Lender's Exchange is an organization set up so that the various loan companies who are members report the loans made, the amount and date and the security given for the loan. A member of the exchange can call the exchange and it will give a listing insofar as that particular party is concerned.
The defendant introduced into evidence some certain 45 checks covering various dates from 1956 through 1960. His purpose in introducing these checks into evidence was to show that the defendant was a good customer of the plaintiff's and that this was one of the primary motives for granting the loan. In other words, because his credit had been good in the past with the plaintiff then the financial statement was not the main reason why they granted the loan but rather it was due to the good credit in the past on the part of the defendant.
The lower court in its reasons for judgment disagreed with plaintiff's theory of the case finding that it did not act on the representations of the financial statement. The lower court found that the plaintiff had done considerable business with the defendant and in the opinion of the court the plaintiff must have relied on this business relationship and hence the debt did not fall within the provisions of the bankruptcy act as a sum having been obtained by false pretenses.
In the jurisprudence of Louisiana we find the courts have set forth certain standards which a plaintiff must prove where they seek to enforce a debt discharged by bankruptcy because of the obtaining by false pretenses. These are set forth in the case of CHF Finance Company, Inc. v. Corca et al., La.App., 152 So. 2d 830, 831, which we quote as follows:
"Before the mentioned section of the Bankruptcy Act would be applicable, it is incumbent on the plaintiff to show: (1) That defendant made false representations; (2) that such were made with the intention of defrauding plaintiff; and (3) that plaintiff relied upon and was misled by the false pretenses or representations." See also Earl Staehle Finance Inc. v. Brooks, La.App., 144 So.2d 155; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.
From the evidence we have found above to be controlling, it is obvious there is no question but that the defendant did make a false representation when he set forth his total debts at $33,900.00, although he actually owed some $4,370.31 with various other creditors. The manager of the plaintiff company testified he was mislead by this information and he would not have made the loan had he known of the various other obligations totaling some $4,370.31 at the time the loan was made.
The record reflects that the defendant, Mr. Gardache, applied for another loan soon after he had obtained the loan upon which this suit is based. This portion of the testimony is appropriate and we quote as follows, to-wit:
"Q. Did Mr. Gardache after you made this loan did he contact you in regard to a renewal or any further negotiations?
*135 "A. Yes, he came back not too long after and made application for a loan and I had made the loan not too long before and I was familiar with his present liabilities and he told me at the time that that was not a true picture of his liabilities so we sat down and discussed it and I asked him if all these liabilities were incurred before or were they incurred at the time of the loan was made, the other loan
"Q. You mean the original loan?
"A. The original loan. He said `Yes' they were, and I asked him why he hadn't advised me of them and in his own words he told me `because you wouldn't have loaned me the money.'
"Q. Did you make him the renewal loan?
"A. No, sir, I didn't.
"Q. Why not?
"A. Because he was too heavily obligated. I was sorry I had made the first one."
It is our opinion that this portion of the transcript shows that the defendant made the false statement of his financial status with the intent of obtaining the loan from the plaintiff, and the plaintiff not only relied upon it and was misled by the representation but that this misrepresentation was a "material representation" under the act.
The plaintiff having established that the defendant made the false representations with the intent of defrauding it, and that the latter relied upon these false representations in making the loan, the burden shifts to the defendant to disprove by competent evidence any intent on his part to deceive the plaintiff. CHF Finance Co. v. Corca, supra, and Earl Staehle Finance Inc. v. Brooks, supra.
After examining the evidence we find that the defendants have not discharged the burden placed upon them as it is obvious they did intend to obtain the loan and used a false financial statement in so doing.
It is our opinion that the lower court fell into error in assuming the plaintiff made the loan because of the good record of the defendant in the past. The record reflects in truth and in fact the plaintiffs never made a loan solely on that basis, and that actually most of the lost accounts are not of the new borrowers but those that had been doing business with the plaintiff for several years.
It is our appreciation of the evidence that plaintiff did fully rely upon the financial report in making the loan. Even had the record shown the financial statement was only partially relied upon by the plaintiff, it is clear the partial reliance on the false financial statement is sufficient to bar a discharge of the debt in bankruptcy. CHF Finance Co. v. Corca, supra; Yates v. Boteler, 9 Cir., 163 F.2d 953; In re Freeman, D.C., 131 F.Supp. 437; In re Axel, D.C., 103 F.Supp. 810; In re Hochberg, D.C., 17 F.Supp. 916.
The court in the case of CHF Finance Co. v. Corca, supra, has even gone so far as to state that:
"Even where collateral is posted in addition to the giving of a financial statement, this circumstance does not relieve the debtor where the statement as well as the collateral were relied upon. In re Bernstein, 7 Cir., 197 F. 2d 378; In re Slohm, D.C., 10 F.Supp. 351. Nor is the debtor relieved where a chattel mortgage is given in addition to the false statement. Banks v. Siegel, 4 Cir., 181 F.2d 309."
We are of the opinion that the lower court was in error and for the reasons set forth above the judgment appealed from must be reversed. It is therefore ordered, adjudged and decreed that the plaintiff have judgment against the defendant in the sum *136 of $1,030.16 together with interest thereon at the rate of 8% per annum from October 21, 1960 until paid and attorney fees in the sum of 20% of the total amount of principal and interest; defendant is cast for the cost of court in both courts.
Reversed and rendered.