ELLIS, Judge.
This is a suit on a note and mortgage executed by defendant Alvin B. Miller and his wife, Geraldine Bagwell Miller. Mr. Miller interposed the defense of the discharge of the debt in bankruptcy. All matters in the case were stipulated, including the amount of the indebtedness, the personal liability of Mrs. Miller, and the *101 discharge in bankruptcy of Mr. Miller. The only contested question was the discharge-ability of the debt as to Mr. Miller, and the case was tried on this point alone. It was contended by plaintiff that the loan was made in reliance on false financial statements given by Miller, and was therefore not dischargeable.
After the trial on the merits, the district court rejected plaintiff’s contention, and rendered judgment for the amount sued for against Mrs. Miller, personally, and in rem against Mr. Miller, recognizing the mortgage secured by the note. From this judgment, plaintiff has appealed.
It is clear that Mr. Miller had many debts over and above those listed on the financial statement by him. Those listed by him totalled $1,766.00. The schedule of unsecured debt filed in the bankruptcy proceeding shows that he owed approximately $10,000.00 at the time of the statement, in addition to about $30,000.00 secured by mortgages on his home, automobile and other chattels.
Mr. Miller states that he told the manager of the loan company that he had other debts, without specifying the amount or nature thereof, but that he was told it was not .necessary to list them.' He also testified that many of the debts arose from the operation of two grocery stores, and were business rather than personal indebtedness, and were omitted for that reason.
It is admitted that the plaintiff was aware of the existence of the first mortgages on the real estate on which they took a second mortgage in connection with this loan. It also knew of a chattel mortgage on one of the automobiles, and was familiar with the fact that Mr. Miller was operating the two grocery stores.
It further appears that plaintiff checked with the Credit Bureau and the Lenders Exchange in Baton Rouge before making the loan. Plaintiff also paid off one of Mr. Miller’s debts out of the proceeds of this loan prior to the signing of the financial statement by Mrs. Miller.
The district court found that Mr. Miller had not tried to mislead plaintiff when he gave the statement, that the plaintiff did not rely on the statement, and that the second mortgage on real estate was the prime reason for making the loan. The judge based his conclusions on the fact that plaintiff’s manager admitted he knew the statement was incomplete and on the reports obtained from the Credit Bureau and Lenders Exchange.
In order to establish his case, plaintiff must prove: (1) that the defendant made false representations, (2) that they were made with the intent of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false representations. Beneficial Finance Co., Inc. v. Gardache, 164 So.2d 132 (La.App. 1 Cir. 1964); X-L Finance Company v. Donaway, 195 So.2d 730 (La.App. 1 Cir. 1967).
After reviewing the record, we find that plaintiff has failed to prove, by a preponderance of the evidence, either the fraudulent intent of the defendant or their own reliance, whether wholly or in part, on the representations.
Plaintiff knew of defendant’s business activities, yet told him not to include his business debts on the statement. Plaintiff knew that the statement was not complete when defendant gave it to them, yet did not call this fact to his attention. Plaintiff made two credit checks and obtained a mortgage certificate before making the loan. Plaintiff had as security a second mortgage on two pieces of property. The trial judge obviously accepted defendant’s testimony in reaching his conclusions. We are of the opinion that he reached the proper conclusion, in finding that, under all of the above circumstances, there was no reliance and no intent to deceive.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.