### In re SOLOWAY & KATZ.

#### (District Court, D. Connecticut. February 10, 1912.)

#### No. 2,743.

1. BANKRUPTCY (§ 238*)—COMPELLING PRODUCTION OF MISSING BOOKS—JURISDICTION OF REFEREE IN BANKRUPTCY.

    A referee in bankruptcy has jurisdiction to pass an order, in the course of examination of a bankrupt at a statutory meeting of creditors, to compel the bankrupt to produce necessary books of account for the proper administration of the estate in the interest of the creditors.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

2. BANKRUPTCY (§ 238*)—ORDER FOR PRODUCTION OF MISSING BOOKS OF ACCOUNT—REQUISITES.

    Where the importance of missing books of account of a bankrupt lawfully examined at a statutory meeting of creditors is self-evident, an order of a referee requiring the production of the books need not specify the importance.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

3. BANKRUPTCY (§ 238*)—PRODUCTION BY BANKRUPT OF MISSING BOOKS OF ACCOUNT—ORDER OF REFEREE—SUBPŒNA DUCES TECUM.

    A bankrupt lawfully examined at a statutory meeting of creditors may be required, by order of a referee, as an incident of the examination, to produce missing books of account needed for the proper administration of the estate, and a subpœna duces tecum is not necessary or proper.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

4. BANKRUPTCY (§ 228*)—ORDERS OF REFEREE—REVIEW—FINDINGS OF FACT.

    The court, on review of an order of a referee in bankruptcy to compel a bankrupt to produce missing books of account, will not pass on the

evidence which the referee reports as sufficient to satisfy him of the existence of facts essential to the passing of the order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

5. BANKRUPTCY (§ 238*)—COMPELLING PRODUCTION BY BANKRUPT OF MISSING BOOKS OF ACCOUNT—ORDER OF REFEREE.

An order of a referee in bankruptcy, issued in the course of examination of a bankrupt at a statutory meeting of creditors to compel the production by the bankrupt of missing books, is within the discretion of the referee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

6. BANKRUPTCY (§ 238*)—COMPELLING PRODUCTION OF BOOKS BY BANKRUPT —EVIDENCE.

A referee in bankruptcy issuing, in the course of a lawful examination of a bankrupt at a statutory meeting of creditors, an order compelling the bankrupt to produce missing books, may avail himself of all information furnished him by testimony presented at the meeting.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

In the matter of the bankruptcy of Soloway & Katz, bankrupts. Petition for review of a referee's order to compel the production by the bankrupts of missing books of account. Order affirmed.

The following is the report of the referee:

I, Henry G. Newton, referee in bankruptcy before whom the above-entitled proceedings are pending, hereby certify as follows:

(1) On January 27, 1912, in the course of an examination by the trustee of the bankrupts and others, during the first meeting of the creditors, it appearing that certain books, to wit, the notebook, cashbook, purchase ledger, and the sheets of October sales, which the bankrupts admitted had been used in their business up to the time it was closed, were necessary in order to a full examination of the condition of the estate, and the trustee not having said books and sheets, I verbally ordered Maurice Soloway, one of the bankrupts, to produce said books and sheets before me on the 30th day of January, 1912, at 10:30 a. m. at the United States Courtroom, to which time and place said examination was continued, which order was in the following words: "I will order Mr. Soloway to produce the books mentioned—the notebook, the cashbook, the purchase ledger, and the October sales sheets—at the hearing next Tuesday morning at 10:30 a. m. in this place."

(2) On said January 27th, I furthermore verbally ordered Samuel Katz, the other bankrupt, to produce said books at said time and place, which order was in the following words: "Mr. Katz, I direct you to produce here at this hearing next Tuesday morning at 10:30 o'clock, the notebook, the cashbook, the purchase ledger, and the October sales sheets which have been repeatedly referred to in the examination and have not yet been produced."

(3) On said January 30, 1912, at 10:30 a. m., each of said bankrupts filed with me a petition for review of said order, which petitions are identical in form except as to name, and one of which is inclosed.

(4) In regard to the claims in the petition for review, I certify as follows: As to claim 1: I believe that I had jurisdiction and authority to make said orders.

(5) As to claim 2: The ground and purpose of said orders were perfectly understood by all the parties, to wit, to use said books and sheets in said examination and in ascertaining the condition of the estate, and for the matters stated in paragraph 7, subdivision 9, of the Bankruptcy Act, which was read by counsel for the trustee.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From this statement counsel for bankrupts dissent, claiming that such ground and purpose should be stated in the order, and it was claimed at the time that such order could only be made after the service of a subpœna duces tecum.

(6) As to claim 3: No subpœna or written process of any kind was issued, and the referee does not understand that any subpœna or process is necessary as against bankrupts.

(7) As to claims 4 and 5: The facts and evidence referred to in a former certificate by the referee are referred to now and made part hereof, and by request of counsel for the bankrupts I add the following:

(8) After the making of said verbal orders, Felix Chillingworth, the receiver, and Clarence W. Bronson, attorney for the trustee, were called and testified, and a copy of their testimony is hereto annexed. Mr. Bronson desires to correct his testimony, which is done by consent of counsel, by stating that he finds between 60 and 65 of the sales sheets for October, practically all between the 3d and 6th of October, one being on the 9th and one or two on the 2d; that these slips were in his possession before the order sought to be reviewed was made, which fact was not called to the attention of the bankrupt or the referee.

(9) By request of counsel for the bankrupts I certify the evidence which was given by Mr. Soloway and Mr. Katz on January 27th, before the order was made, which is hereto annexed.

(10) By request of counsel for the trustee I certify the evidence given by said Soloway and Katz on January 30th, at 10:30 a. m., which is hereto attached.

(11) As to claim 6: There was no issue before me. The matter occurred in the course of examinations.

(12) As to claim 7: Counsel for the bankrupts claimed that they should have opportunity to file pleadings and form an issue on the subject-matter of the order, which request was denied. They did not request an opportunity to offer evidence in regard to the order, and if they had made such request it would have been granted and any evidence they had to offer would have been heard. And they being now present while this certificate is being dictated, I add that they may have any opportunity they desire to offer evidence in regard to the propriety of the order, and if such evidence is offered, and it shall convince me that the order is improper, it will be canceled.

Counsel for bankrupts now state that they consider that evidence would be improper at this stage of the proceedings, and that they do not deem it for the interests of their clients to waive the objection then made.

(13) As to the claims 8 and 11: I do not understand that the order was contrary to the opinion of the judge on the proceedings heretofore had. Counsel for the trustee understood, and I understood the judge to intimate, in answer to a question by counsel for the trustee, that such order would be a proper one if the referee deemed it advisable, in the course of the examination.

(14) As to claim 9: The information upon which said order is based is that obtained in the examinations at the first meeting, and principally from the examinations of the bankrupts and prior to the order.

(15) As to claim 10: The bankrupts have testified that they are unable to comply with the order. The order is made because the referee believes that either of the bankrupts could cause said books and papers to be produced. This conclusion is an inference from the evidence before mentioned, before the passing of the order, and is not weakened, but rather confirmed, by the testimony of Mr. Chillingworth and Mr. Bronson.

(16) As the petitions are identical, and the facts in regard to each of them are the same, I make the one certificate, intending that it be applied to each petition for review.

Dated at New Haven, this 30th day of January, A. D. 1912.

J. P. Godhart, for trustee.
De Forest & Klein, for bankrupts.

PLATT, District Judge. Let me state my views concerning this petition for review of the referee's order as briefly as possible, taking up the assignments of error in their order.

[1] First. The referee had ample and complete jurisdiction to pass the order complained of. He was clothed with all the functions of the judge, except the power to punish for contempt. The bankrupts were being lawfully examined at a meeting of creditors provided for by statute. It was evident that the missing books were needed for the proper administration of the estate in the interest of the creditors.

[2] Second. The importance of the missing books was a self-evident proposition, and it was not necessary to specify it in the order.

[3] Third. A subpœna duces tecum was neither necessary or proper. There was no occasion for it. There would have been no sense in issuing one. If the trustee had been demanding something, the situation would have been entirely different.

[4] Fourth and Fifth. It is not my duty to pass upon the evidence, which the referee reports as satisfying him. He says he was satisfied, and that is enough for me. If proceedings in contempt shall follow, then the evidence which I shall call for will be the important and controlling thing.

[5] Sixth and Seventh. There were no issues before the court and no occasion for any. The order was issued in the course of examination and was entirely within the discretion of the referee.

Eighth. The order is not contrary to the court's opinion of January 27th. The situation then was entirely different from the situation now. The purpose of that opinion was to show the irregularity of the action then taken, which was based upon a petition filed by the trustee asking for the production of the missing books. Assuming that the same path might be again traveled, an effort was made to mark the boundaries of that path and that path only. No expression of opinion, as to a situation like the present one, can be extracted, unless it be a favorable one.

This language appears in that opinion:

"This petition and the order of the referee based thereon were not mere incidents of the bankrupts' examination. The language of the order makes it clear that a very different object was sought to be obtained."

An ordinarily vigorous intellect ought to infer from those words that, if the proceedings had been "incidents of the bankrupts' examination," a different conclusion might have been reached.

[6] Ninth. The information upon which the referee acted was not gained in an irregular way. When exercising his discretion in respect to the issuance of the order, he had a right to avail himself of all information which had been furnished him, by testimony presented at the creditors' meeting, over which he was presiding.

Tenth. The referee reports that he is satisfied that it is not "physically impossible" for one or the other or both of the bankrupts to produce the missing books. As I have said in respect to the fourth assignment of error, it is not my duty to pass, at this time, upon the weight of the evidence which he says satisfies him.

Eleventh. The court, in its opinion of January 27th, did not restrict

the referee to one particular mode of procedure. If the court had undertaken to do so, its action would have been erroneous. The court assumed, as has been said above, that a certain course would probably be followed and tried to make plain what ought to be done if that course were followed.

There is no error. The order of the referee was a lawful one and is affirmed.