## In re MARCUS MILLINERY CO., Inc.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 140.

Alfred Ekelman, of New York City, for petitioner.

Joseph B. Kaufman, of New York City, for trustee in bankruptcy.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge. The Marcus Millinery Company, Inc., having been duly adjudicated a bankrupt on the 26th day of August 1927, and a trustee in bankruptcy having qualified and demanded all of its books of account, papers, records, and documents, notice was given the trustee that the things demanded would be found in an empty loft at 41 West Fifty-Seventh street, New York City. The trustee thereupon took possession of all the records in such room, and found that they consisted only of a few sheets which had apparently been taken from a loose leaf ledger. This ledger was obviously a part of a more complete system of bookkeeping, for the sheets contained notations of reference to other books of account. This petition was brought to secure the additional records of the bankrupt.

The president and treasurer of the corporation both testified in such an evasive and at times contradictory manner that little reliance can safely be put upon their evidence. The president, after denying that books were kept in 1927, finally admitted that they had been, and attempted to explain the failure to produce them by saying that they had been placed for storage in a box in the room to which the trustee had been directed, and where the loose leaves before mentioned had been found. The treasurer testified that he was not familiar with the books of the bankrupt, but that he had seen all of them, and that they were put into cases with some merchandise and taken to the empty loft. He testified that he rented the loft into which they were put, and could give no explanation for their absence.

The brief of the appellants is replete with insinuations of unlawyerlike conduct on the part of the attorney for the trustee, which can have no other purpose than that of creating the impression that he obtained the books and concealed them himself. But the record is devoid of any justification for such charges, and leaves the last known custody of the books with the appellants. The attitude of these officers of the bankrupt toward production, as disclosed by their testimony, has been obstructive from the first. After failing in their attempt to conceal the fact that books were kept in 1927, their evidence continued to be so wanting in frankness and candor that the court was amply justified in coming to the conclusion that the turn-over order should be made. On this record we can find no such plain mistake as to warrant our interference. Page v. Rogers, 211 U. S. 575–577, 29 S. Ct. 159, 53 L. Ed. 332; In re Lawrence (C. C. A.) 134 F. 843; Epstein v. Steinfeld (C. C. A.) 210 F. 236.

It was impossible to show just what books were kept. Although both the president and the treasurer of the bankrupt must have known, they did not disclose what they were. The order appealed from called for certain named books of account, which were shown by the testimony of a certified public accountant to be necessary for a complete set of books in the business of the bankrupt. Although this testimony may have indicated a more elaborate system of bookkeeping than was actually used, yet the order is expressly limited to books, records, papers, and documents "kept during the year 1927," and, if the appellants have the will to comply with it, the ability to do so should not be wanting.

Judgment affirmed.