**MORRIS PLAN INDUSTRIAL BANK OF NEW YORK v. PARKER.**

No. 8692.

United States Court of Appeals
District of Columbia.

Argued May 30, 1944.

Decided June 30, 1944.

Mr. Henry W. Parker, of New York City, with whom Mr. Lucas P. Loving, of Washington, D. C., was on the brief, for appellant. Mr. Joseph Sitnick, of Washington, D. C., also entered an appearance for appellant.

No appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

This is a petition to review an order of the District Court granting and permitting the discharge of a bankrupt. The provisions of the Bankruptcy Act with relation to discharges require that "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, * * * by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition. * * *"[1] By an amendment passed in 1926 Congress added a proviso to the effect that if "the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has" made a materially false statement in writing respecting his financial condition, "then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."[2] The Second Circuit, interpreting this provision, said:[3]

"The amendment of 1926 has revolutionized the procedure in discharge; the bankrupt may no longer remain inert, standing upon the infirmities of the evidence against him; once a prima facie case appears, the laboring oar passes to his hands and he must bring the boat to shore."

In the instant case the bankrupt on his examination admitted that he had made a written financial statement to the objector, Morris Plan Industrial Bank of New York, and to another creditor, Railroad Employees' Personal Loan Company. In the case of the Morris Bank, the application and accompanying statement were dated November 2, 1939, and in the case of Railroad Employees' Company, November 21, 1939. To the Bank he applied for a loan of $780 for a period of fifteen months, and "for the purpose of obtaining credit and with the knowledge that you will rely on them," certified over his signature that there were no outstanding legal claims of any kind whatsoever against him other than those listed in his application. To the Railroad Employees' Company his statement likewise expressly acknowledged that it was made with the intent that it would be relied upon by the Company.

On the hearing on the objections to his discharge, he admitted that he had failed

---

[1] 11 U.S.C.A. § 32, sub. c, 44 Stat. 663.
[2] 11 U.S.C.A. § 32, sub. c, 44 Stat. 664.

[3] Federal Provision Co. v. Ershowsky, 2 Cir., 94 F.2d 574, 575.

to include in the statement of his liabilities a debt due Fred French · Management Company of $329.51 and one due Dr. Anton J. Krebs, a dentist, of $190. He undertook to justify these omissions by stating that a part of the debt to the French Company should have been paid by a former room-mate, and in the case of Dr. Krebs, that the dental work was so poorly done that he had made up his mind he owed him nothing and intended to pay him nothing. Nevertheless, he included both claims without qualification in the schedule of debts filed under his oath with his bankruptcy petition, and in his examination he identified letters which he had written to the French Company a short time before he applied to the Morris Plan Bank for a loan. In the first of these letters he included a small payment and stated—"Things are beginning to look better for me. If you can continue to 'go along' I'll be able to clear the debt within a reasonable time." In the second, written within a month of his application to the Morris Bank, he said—

"I regret that I am unable to pay the sum of $329.51 * * * because I am unemployed and have no assets. I am hopeful that my situation will soon change for the better, but until I have funds available there is no way I can satisfy my creditors."

The Referee, while recognizing that the two financial statements were untrue, nevertheless held that there was no showing of intent to defraud nor sufficient showing that the parties relied upon the statements in making their respective loans. The Referee also thought that the amount involved—some three or four hundred odd dollars—was not enough to make the "statement materially false." The District Court granted the discharge on the Referee's findings and recommendation.

We think this was error.

█ The evidence clearly shows that the bankrupt gave the information to the loan companies on a form which conveyed to him knowledge of the fact that the lenders would rely, in making the loan, upon answers to questions intended to elicit full information as to the borrower's financial condition. In such a case, when it later appears in a bankruptcy proceeding that the answers were false, the burden of showing that the lender did not rely upon them passes to the bankrupt, and here there is no contention that such burden was met. In re Smatlak, 7 Cir., 99 F.2d 687; In re Finn, 3 Cir., 119 F.2d 656.

█ Nor is it proper to say that because the amount of the indebtedness is only a few hundred dollars, information in relation to it is not material. If the objecting creditor in this case had been informed that the bankrupt had recently been evicted from his apartment for non-payment of rent and was then appealing to his creditor for leniency because he was unemployed and out of funds, it is not difficult to assume that it would have considered the loan it was then being asked to make as anything else than a good risk.

The order allowing the discharge is reversed and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.