**In re WEST.**

**HOUSEHOLD FINANCE CORPORATION v. WEST.**

**No. 9022.**

Circuit Court of Appeals, Seventh Circuit.
Dec. 24, 1946.

Leo M. Gardner, and Cassatt Martz, both of Indianapolis, Ind., for appellant.

Raymond Demaree, of Indianapolis, Ind., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

This is an appeal from an order affirming the referee's order granting the discharge of a bankrupt. Appellant, one of bankrupt's creditors, filed objections to his discharge, based upon a claimed false written statement of his financial condition submitted for the purpose of obtaining credit.

On December 2, 1943, West, the bankrupt, applied to appellant for a loan of $300, and gave appellant a joint and several written financial statement purporting to show all the debts owed by himself and his wife, in which he listed only two creditors, whose claims totaled $446.71. Across the face of the statement he wrote "We have no other debts," and signed the statement. In addition, appellant's manager inquired of the bankrupt if the debts shown on the statement represented the total of his debts, and bankrupt answered in the affirmative. Appellant, without investigating the facts other than those revealed by the bankrupt in his financial statement and in his talk with appellant's manager, made the loan. The record, however, discloses that at the time that the bankrupt made the statement he was obligated to ten other creditors in the aggregate sum of $692. In testifying before the referee, he admitted that he knew of these debts at the time he made his financial statement but merely said he was not thinking about them. On April 13, 1944, he applied to appellant for a new loan to pay

the balance of $254.32 due appellant and to obtain $45.68 additional. At that time he and his wife gave appellant another financial statement in which he stated that he only owed $554.32 of which $254.32 was the balance due appellant on the December 2, 1943, loan, but on April 13, 1944, bankrupt was still indebted to the same ten creditors to whom he was obligated on December 2, 1943. At the time West was adjudicated a bankrupt, February 21, 1945, he scheduled the claims of the ten creditors whose claims aggregated $692 as well as the balance of $273.66 due appellant.

The referee found that the bankrupt, at the time he made the financial statements and obtained the loans, had no intention of defrauding appellant, and that his failure to list the ten other creditors was not a materially false statement.

Section 14, sub. c(3), of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), provides that the bankrupt shall be granted a discharge unless the court is satisfied that the bankrupt has "Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * *." A further proviso of section 14, sub. c, provides that "If, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

We are not unmindful of the fact that where there is no intent to violate the Bankruptcy Act, the law must be liberally construed in favor of the bankrupt; even so, here the record clearly shows that at the time he made the written financial statement for the purpose of obtaining the $300 he knew that he was indebted to others in the sum of $692, but that he was not thinking about the debt. In such a situation, it cannot be said that the bankrupt has met the burden of proving that he did not make a materially false statement in writing respecting his financial condition. Morris Plan Industrial Bank of New York v. Parker, 79 U.S.App.D.C. 164, 143 F.2d 665; In re Bancroft, D.C. 64 F.Supp. 875.

The order of the District Court is reversed.