In re BERBERICH, Bankrupt

BERBERICH v. NORTHERN ILLI-
NOIS CORP. et al.

No. 10345.

United States Court of Appeals
Seventh Circuit.

June 13, 1951.

C. C. Ownbey, Evelyn J. Ownbey, Chicago, Ill., for appellant.

Frank J. Komarek, Peter B. Atwood, Chicago, Ill., for appellee.

Before DUFFY, FINNEGAN, and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from an order of the district court affirming an order of the referee in bankruptcy denying a discharge to bankrupt, based upon claimed false written statements of his financial condition submitted for the purpose of obtaining credit.[1] Three financial statements signed by bankrupt and his wife were admitted into evidence. Two of these were given to House-

hold Finance Corporation (hereinafter called "Household"), and one to the Northern Illinois Corporation (hereinafter called "Northern"), both of which are small loan companies.

Bankrupt's wife customarily handled all financial matters for the family, and since 1945 when bankrupt first borrowed from Household, Mrs. Berberich had consulted with officers and employees of the two loan companies, had given them required information, and had received the necessary forms to be signed by herself and husband. The financial statement of April 14, 1949, given to Household, lists only a previous loan from Household and a mortgage held by Roselle State Bank, and contains the statement in the handwriting of Mrs. Berberich, "We have no other debts." The financial statement of November 12, 1949, given to Household, was similar except the statement, "We have no other debts," was omitted. The financial statement of December 5, 1949, given to Northern, lists four debts and was followed by the words, "We have no other debts," again in the handwriting of Mrs. Berberich.

Admittedly on the date when each of the statements was signed, bankrupt had a number of additional debts, and when signing he knew he owed additional debts not set forth in the statement. Mrs. Berberich testified that she told the loan company officers of all the additional debts owed, but that they advised and directed her not to list them, and to fill out the statements as they now appear. The officers and employees of the companies who testified denied that they knew of the additional debts, and testified that in each case they relied upon the truth of bankrupt's financial statement.

Bankrupt's counsel charges that the officers of the loan companies deliberately and intentionally advised Mrs. Berberich to omit a description of debts which they knew existed so that, pursuant to a general plan,

---

1. Title 11 U.S.C.A., § 32, sub. c: "The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * *."

they might be in position to object to a discharge in case Berberich filed a petition in bankruptcy. Of course if false financial statements were made by Mrs. Berberich in accord with directions and instructions of officers or employees of the loan companies, the loan companies would not be in a position to say that they relied to their detriment upon the statements as made, and would have no standing in court to object to the discharge of the bankrupt.

As the financial statements signed by bankrupt[2] were in fact untrue, there were reasonable grounds for believing he had committed an act which would prevent his discharge, and, under Sec. 14, subsection c of the Bankruptcy Act, 11 U.S.C. A. § 32, sub. c, the burden of proving that Household and Northern did not rely upon his financial statements then passed to the bankrupt. Morris Plan Industrial Bank of New York v. Parker, 79 U.S.App.D.C. 164, 143 F.2d 665, 666.

The testimony of bankrupt and his wife was in sharp conflict with that of the officers and employees of the loan companies. A question of credibility arose. The referee, the trier of the facts, did not believe the testimony given by Mr. and Mrs. Berberich with reference to not listing their other debts in the financial statements. It was the duty of the district court to accept the referee's findings unless clearly erroneous. General Orders in Bankruptcy, No. 47, 11 U.S.C.A. following section 53. See also: Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975, 977. We have carefully examined the entire record, including all of the testimony given before the referee, and we are convinced that the district court was correct in considering that the referee's findings were not clearly erroneous. It follows that the referee's order denying a discharge to the bankrupt was proper. The order of the district court is affirmed.

2. Mrs. Berberich apparently signed her husband's name as well as her own to one statement. As this was done with bankrupt's knowledge and approval this statement will be considered on the same basis as the two statements which bankrupt admittedly signed.