**In re ROBINETTE.**
**Bankr. No. 69826.**

United States District Court
N. D. Ohio, E. D.
Nov. 30, 1953.

C. E. Hunter, Canton, Ohio, for Bankrupt.

Charles L. Moushey, Canton, Ohio, Trustee.

Mervyn T. Grosjean, Canton, Ohio, for objecting creditor.

FREED, District Judge.

This is a petition for review of an order of the Referee denying petitioner a discharge in bankruptcy. The Household Finance Corp., one of bankrupt's creditors, opposed the discharge on the claim that it was induced to extend a loan to the bankrupt on a fraudulent financial statement made by the bankrupt and his wife.

The bankrupt had been borrowing money for a period of years from the finance company. On September 9, 1952 he sought an increase of his loan in the amount of $54.80. Before loaning the additional sum, however, the objector required the bankrupt and his wife to make a financial statement. The evidence reveals that the bankrupt failed to disclose almost half of his indebtedness. The bankrupt asserted that he and his wife were induced to exclude certain debts by the employees of the objector who informed them that such further listing would not be required. The loan was made.

Section 14, sub. c of the Bankruptcy Act, Title 11 U.S.C.A. § 32, sub, c, provides, in part:

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * *."

Section 14, sub. c requires the objector to show, not only that the bankrupt knowingly and wilfully made a false financial statement, but further that the objector was induced by the false statement to make the loan. Bank of Monroe v. Gleeson, 8 Cir., 1925, 9 F.2d 520. The mere signing of the false financial statements, however, consitutes reasonable ground to believe that the bankrupt has committed an act which would bar his discharge. The burden of proving that the objector did not rely on the statements passed to the bankrupt. Berberich v. Northern Illinois Corp., 7 Cir., 1951, 190 F.2d 53; Morris Plan Industrial Bank v. Parker, 1944, 79 U.S.App. D.C. 164, 143 F.2d 665.

It is not clear from the record whether or not the objector offered evidence contraverting the bankrupt's testimony that he was induced by the objector's employees to make the false financial statement. Be that as it may, the Referee is not compelled to accept the bankrupt's uncorroborated statement. Dixwell v. Scott & Co., 1 Cir., 1940, 115 F.2d 873; In re Stine, D.C.1945, 60 F. Supp. 703.

All that the Court can gather from the record is that the Referee found that the bankrupt made a false financial statement and that the objector relied on it in extending the loan. In so finding the Referee must have chosen to disbelieve the testimony of the bankrupt with respect to his inducement by the objector. The findings of the Referee, therefore, are not clearly erroneous, and this Court is bound to accept them. Berberich v. Northern Illinois Corp., supra; Morris Plan Industrial Bank v. Henderson, 2 Cir., 1942, 131 F.2d 975.

The order of the Referee will be affirmed, and the bankrupt's petition for review dismissed.