**174**

In the Matter of **ESTATES CONSTRUC-TION CORPORATION, Bankrupt,**

v.

Dominick A. **STANZIANO** et al.

No. 72505.

United States District Court
N. D. Ohio, E. D.
Nov. 4, 1955.

Milton Friedman, trustee, Meyer Gordon, Lorain, Ohio, for trustee.

Andrew J. Warhola, Lorain, Ohio, for bankrupt.

Everett H. Davidson, Lorain, Ohio, for D. A. Stanziano.

Carl L. Weber, Cleveland, Ohio, for Zahn's Floor Store.

JONES, Chief Judge.

Upon careful consideration of the petition to review and the questions upon which decision turns, the court is of the opinion that the petition to review must be dismissed. The parties are familiar with the facts and no restatement seems necessary in view of the considerations hereinafter stated.

Two circumstances definitely stand in the way of petitioner's right to prevail over the order of the referee:

■ First: It is the law that mechanics' liens once waived may not again be revived or sustained against the trustee in bankruptcy unless it is established that the waiver of lien was conditioned upon or induced by an agreement to otherwise provide for payment, and which agreement or condition has been breached.

A revivor of a right of lien may not otherwise be accomplished, see Demann's Ohio Mechanic's Lien Law, Section 11.20 (cited and relied upon by petitioner).

■ Upon conflicting evidence the referee in effect found that no agreement to otherwise provide for payment of the petitioner's claim was made as a condition to waiver. In such circumstance, the referee concluded that there was no valid mechanic's lien, and consequently summary jurisdiction was proper under Title 11 U.S.C.A. § 107, sub. a(1) and (4).

It is the rule that unless the court is satisfied that the referee's findings are clearly erroneous they may not be disturbed. Based upon a review of the conflicting evidence appearing in the transcript I conclude that the referee's finding in that respect was not erroneous, but, on the contrary, was abundantly justified.

Second: The judicial proceeding in the Lorain County Court of Common Pleas was not a suit to revive and enforce a mechanic's lien,—it clearly was an action on account for money due and owing the petitioner, coupled with an attachment by garnishment of funds in the possession of the Louisville Title Insurance Company (see Exhibit 25). This certainly was a type of proceeding as to character and time which provided jurisdiction under Title 11 U.S.C.A. § 107, sub. a(1) and (4). It was under this statute that the referee found and concluded that any claim of lien or right founded on the Lorain County proceeding was null and void.

Upon the basis of what has been said above, the referee's order will be approved and confirmed and the petition to review dismissed.