Charles E. **LLOYD**, Bankrupt-Appellant,

v.

**INDUSTRIAL BANK OF COMMERCE,**
Objecting Creditor-Appellee.

No. 188, Docket 24320.

United States Court of Appeals
Second Circuit.

Argued Jan. 14, 1957.

Decided March 13, 1957.

Elliott R. Katz, New Haven, Conn., for appellant.

Robert Ohnemus, New York City (Klein & Klein, New Haven, Conn., and John J. Dwyer, Buffalo, N. Y., on the brief), for appellee.

Before MEDINA and HINCKS, Circuit Judges, and LEIBELL, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court denying a discharge which had been granted by a Referee in Bankruptcy. There is uncontroverted evidence that the bankrupt, when he made written application for loans from the objecting creditor, Industrial Bank of Commerce, omitted reference, although the application required him to do so, to an outstanding indebtedness to another loan company, General Public Loan Corporation, and that Industrial Bank granted the loans after receiving the applications. There is uncontroverted evidence that the debtor, seventeen days before making application for the second of two Industrial Bank loans, paid an installment due on the General Public loan, and had paid such installments regularly for the preceding six months; and further that just two weeks after receiving the second loan from the objecting creditor, the bankrupt had refinanced his General Public loan. Moreover, Industrial Bank had made the second loan only on condition that all the bankrupt's debts should be paid from its proceeds, and with knowledge of this condition the bankrupt failed to include the General Public loan with his other debts as listed in the application.

We think that for the omission from his loan application of the outstanding General Public loan the bankrupt's application if not deliberately false was at least made with "reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand." Morimura, Arai & Co. v. Taback, 279 U.S. 24, 33, 49 S.Ct. 212, 215, 73 L.Ed. 586; Industrial Bank of Commerce v. Bissell, 2

Cir., 219 F.2d 624, 626; 1 Collier on Bankruptcy, 14th Ed., Par. 1437 n. 4, 14.40. And the Judge was plainly right in holding that the objecting creditor had made a prima facie showing that it had at least in part relied upon the bankrupt's application. Industrial Bank of Commerce v. Bissell, supra; 1 Collier on Bankruptcy, Par. 14.12; Banks v. Siegel, 4 Cir., 181 F.2d 309. Thus the burden of proof shifted to the bankrupt. A reading of the transcript shows that the bankrupt failed to disprove either the falsity of his application or the lack of reliance thereon by the objecting creditor: any finding to the contrary would have been clearly erroneous.

Affirmed