In the Matter of Morris SIEGEL, formerly doing business as R & R Dress Co., Bankrupt.

No. 53814.

United States District Court
E. D. New York.
March 5, 1958.

Alexander Yunis, New York City, objecting creditor for petition.

Herman E. Brookman, New York City, for bankrupt.

RAYFIEL, District Judge.

This is a petition to review the order of Hon. Louis J. Castellano, Referee in Bankruptcy, dated December 2, 1957, granting the bankrupt a discharge.

The learned Referee, in a decision dated November 9, 1957, found that the bankrupt, for the purpose of obtaining money on credit, had made a statement in writing with respect to his financial condition which was materially false. He found, however, that the objecting creditor had failed to prove that the lending institution had relied on the statement.

The facts, briefly, are as follows: One Leo Wexler, a friend and business associate of the bankrupt, made application on May 24, 1954 for a loan of $2,500 from the Sixth Avenue Credit Union.

The application was accompanied by statements, which were signed by the bankrupt, and by Philip Tray, Irving Wexler and Daniel Bernstein, as co-makers. The bankrupt's statement contained the following questions and answers: "Are you a borrower or endorser on any other note? Yes. 6th Ave. Amount $400. Are there any outstanding suits or judgments against you? No." The loan was granted to Leo Wexler.

The referee found that these statements were false, inasmuch as the bankrupt was then a co-maker on another loan of $600 made to Leo Wexler by the Harlem Credit Union on February 24, 1954, and, further that two suits were then pending against him.

At the hearing on the specifications of objection, the objecting creditor called as a witness one Al Katz, the Treasurer of the Sixth Avenue Credit Union. He testified that the application for the loan and the co-maker's statements were submitted to him, and, although the final authority to approve or reject the application for the loan rested with the credit committee, he would not have submitted the application to the committee if he had not relied upon the statements and believed them to be true. His testimony to that effect appears at page 27 of the record, and follows: "As the Treasurer of the Credit Union I have to see that the information given in the application is fair and true *before I can submit it to the Committee to grant the loan, and, if there is anything that is not true as stated there and if I find out anything, then I won't submit this for a loan then.*" (Emphasis supplied.)

The Referee reached the conclusion that the objecting creditor has failed to establish that the Sixth Avenue Credit Union had relied on the bankrupt's statement in granting the loan to Leo Wexler.

I am obliged to disagree with the learned Referee. Although Katz testified that he did not pass upon the loan, he stated unequivocally that the Credit Committee which *did* pass upon

the loan never would have received the application if he had believed that the bankrupt's statement was false. In my opinion that was sufficient to make out a prima facia case for the objecting creditor, and to cast the burden of establishing non-reliance upon the bankrupt.

In a somewhat similar situation Judge Chase, in In re Haggerty, 2 Cir., 165 F.2d 977 at page 979, said, "The referee obviously believed that the bank did rely upon it, while the district judge *seems to have reversed partly on the ground that the evidence left reliance at least uncertain and the objecting creditor failed to prove it.* The judge could have come to this conclusion only on the theory that the burden was on the objecting creditor because the evidence in support of his specification was insufficient to show reasonable grounds for believing the application false in any material respect. But it would seem that a representation that the borrower owned real estate worth some $3000 in excess of all his debts would clearly be deemed by the bank a material factor in deciding whether to make the loan. Moreover, as Gallagher testified, the bank wanted to know whether the monthly payments the borrower would have to make on the loan 'together with other obligations' would be more than he could carry. The liability for interest payments, at least would fall within the category of 'other obligations.' *Thus, as a matter of law, there were reasonable grounds for believing that the bankrupt had committed an act which would bar his discharge and the district court's ruling to the contrary was erroneous. This being true, the burden was on the bankrupt to overcome the prima facie case established by the objecting creditor.* See In re Holzman, 2 Cir., 69 F.2d 828. Having failed to meet this burden, he could not obtain a discharge. Morris Plan Industrial Bank of New York v. Parker, 79 U.S.App.D.C. 164, 143 F.2d 665; Federal Provision Co. v. Ershowsky, 2 Cir., 94 F.2d 574; In re West, 7 Cir., 158 F.2d 858." (Emphasis added.) See also Industrial Bank of Commerce v. Bissell, 2 Cir., 219 F.2d 624.

■ An opportunity should be afforded the bankrupt to produce evidence to sustain his burden of establishing that the Sixth Avenue Credit Union, more particularly, its Loan Committee, did not rely upon the statements referred to in specification numbered one in making the loan in question.

Accordingly, the matter is referred to Referee Castellano to take further proof in conformity herewith.

Settle order on notice.