Milo TURNER, Appellant,

v.

Irving BASS, Trustee in Bankruptcy of Milo M. Turner, Bankrupt, Appellee.

No. 16166.

United States Court of Appeals
Ninth Circuit.

May 6, 1959.

Rehearing Denied June 19, 1959.

William J. Tiernan, Los Angeles, Cal., for appellant.

Craig, Weller & Laugharn, William E. Bartley, Frank C. Weller, Hubert F. Laugharn, Andrew F. Leoni, Joseph S. Potts, Jr., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

The order of the district court affirming an order of the referee in bankruptcy refusing the appellant a discharge in bankruptcy is affirmed.

The trustee formally objected to the bankrupt's discharge under Section 14, sub. c(3) of the Bankruptcy Act [1] upon the basis of a written financial statement he had given the agent of Vanadium-Alloys Steel Co. some eleven months before the adjudication of bankruptcy. Taking the evidence, as we must, most favorably in behalf of the appellee there is an abundance of proof that the statement was fraudulent and that it was relied upon by one Stemmler who forwarded it to his principal, Vanadium-Alloys Steel Co. Upon the basis of the statement, Stemmler urged his principal to give credit to Turner's company, Zipco.[2] The record shows the sole decision for the giving of credit rested with one Burns George, vice president of Vanadium in Latrobe, Pennsylvania. There is enough evidence to draw an inference

---

1. See 11 U.S.C.A. § 32, sub. c(3) which reads as follows: "(c) The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition * * *"

2. On October 27, 1955, Turner by letter guaranteed to Vanadium the account of Zipco. With the letter he submitted a financial statement dated May 1, 1955, of himself and his wife. The principal trouble with the statement was that it reflected the ownership (as assets of Mr. and Mrs. Turner) of certain bonds and stocks which Mrs. Turner had formerly owned but which she had already placed in a trust for the benefit of her mother.

that George relied on it. There is no direct evidence that he did. It might be in an action of fraud and deceit at common law we would hold that there was a failure of proof on the element of reliance. But we are satisfied that the "provided" clause of Section 14, sub. c means something and is applicable here. It reads as follows:

> "*Provided*, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." [3]

See Morris Plan Industrial Bank of New York v. Parker, 79 U.S.App.D.C. 164, 143 F.2d 665; In re Smatlak, 7 Cir., 99 F.2d 687; Lloyd v. Industrial Bank of Commerce, 2 Cir., 241 F.2d 924. We hold that the trustee went forward far enough on reliance that the burden shifted to the bankrupt. This burden he failed to discharge. Obviously, the referee disbelieved Turner on certain statements he claims he made to Stemmler, the agent, which would have cleared Turner of any fraud.

We have examined all of appellant's points. The one above with some merit was almost obscured by being enmeshed with others that never should have been included. Appellant's brief seems to ignore the point that when one's client has been disbelieved, there isn't much this court can do about it. Then he urges a contention that the evidence required to deny a discharge is the same as to sustain a criminal conviction. This is not the law. Remington on Bankruptcy, 6th Ed. 356.

Our decision here follows Rogers v. Gardner, 9 Cir., 226 F.2d 864,[4] setting forth the elements of proof required, but we cannot agree with appellant that the pleading under Section 14, sub. c(3) of the Bankruptcy Act must conform to a traditional statement of the classic elements of common law fraud.

Affirmed.

---

3. This clause appearing in 11 U.S.C.A. § 32. sub. c, came into the section in 1926. See 44 Stat. 664.

4. It would seem obvious that discharges are not to be withheld from bankrupts because they are or have been untruthful. If such were the test, the incidence of "no discharge" might be staggering.