Francis J. Donovan, J.
This is an action in fraud and deceit to recover damages alleged to have been sustained by the plaintiff in making a loan to the defendant in reliance upon a false financial statement.
The gravamen of the complaint is that certain debts of the defendant were omitted from a financial statement signed by bim and that the loan was made in reliance on the truth of the financial statement.
The defendant rested on plaintiff’s case.
The plaintiff’s case was submitted by its manager. He handled the negotiation personally, interviewed the defendant at the time he applied for the loan and did whatever investigation or conducted whatever inquiry was deemed advisable before *55 making the loan. He testified that the plaintiff had loaned money to the defendant in a number of loan transactions covering a period of six or seven years; that each loan had been repaid promptly and that as a result the defendant enjoyed a good credit reputation with the plaintiff at the time the loan in suit was made. He also testified that he told the defendant to list all indebtedness to banks and finance companies “ and so forth.” He stated that he was not concerned that the defendant list any business indebtedness in the financial statement nor was he interested in a balance sheet showing the status of defendant’s business.
The financial statement provided the following: “ Applicant must list all debts — do not omit any debts.” Under the latter heading, which was in large bold type, there was set forth the following in parenthesis: “ Disputed and socalled outlawed claims must be included.” Inserted in response to this direction was the statement “ Crown Finance Co. $411.00.” No other debts were set forth by the defendant.
It is obvious that the plaintiff knew that the financial statement was incomplete. The plaintiff’s records disclosed that the defendant was self-employed and operated a butcher shop. From this record it was obvious to the plaintiff that there would be other debts. Any self-employed person conducting a business will have current debts or liabilities and his financial situation will depend in large measure upon the balance between current assets and current liabilities. In fact this might well go to the heart of the credit status of the borrower. Yet the plaintiff was content to take a financial statement known to be false on its face and advance $800.
This prompts the question “ Why was an incomplete financial statement taken? ” Was it taken to ascertain the condition of the appellant’s credit, or was it taken to be kept in the file as against the day the appellant might find it necessary to seek relief under the bankruptcy statutes? A false or incomplete financial statement may be of more value to a lender than a complete statement. In fact the practice of unscrupulous lenders obtaining false financial statements to be subsequently used as weapons in preventing the discharge of the debtor in bankruptcy was sufficiently well known to have come to the attention of the Congress and to have been noted in the proceedings of the Senate (Senate Report No. 1688) in connection with the act of July 12,1960 (74 U. S. Stat. 408) which amended paragraph (3) of subdivision (c) of section 14 of the Bankruptcy Act (U. S. Code, tit. 11, § 32, subd. [c], par. [3]). In a case previously decided by this court the facts were so strong that the *56 court was constrained to make a finding that the lender deliberately induced the appellant to make a false and incomplete financial statement. (Crown Finance Co. v. Link, Dist. Ct., 2d Dist., Nassau County, Index No. 1490-59.)
For the purpose of this litigation, however, it is not necessary to go that far.
Since this is an action in fraud and deceit, the burden is on the plaintiff to establish the essential elements of its cause of action by substantial evidence (Low v. State of New York, 281 App. Div. 309, affd. 305 N. Y. 913).
The court finds that the plaintiff has failed to establish that it relied upon the financial statement in making the loan and has failed to establish that the defendant intended to deceive.
In coming to this conclusion the court has considered the numerous Federal authorities cited in plaintiff’s brief. It is important to note that there is a difference in the burden of proof between a bankruptcy proceeding and an action, as here, in fraud and deceit. The distinction was noted in the last paragraph of the opinion Turner v. Bass (267 F 2d 308). It is interesting to note that it has been held in a bankruptcy proceeding that a finance company does not rely upon the financial statements where it dealt with the bankrupt husband and wife “ for a period of five years with the result that the company knew, or should have known, the financial condition of the bankrupt.” (Household Finance Corp. v. Groscost, 230 F. 2d 608, 609.) Judgment may be entered in favor of the defendant.