435 F.2d 120
 In the Matter of Earl L. PALTER, aka Earl Leland Palter, formerly doing business as Palter Floor Fashions, Bankrupt-Appellant,
v.
LAKE SALES, INC., Creditor-Appellee.
 No. 23758.
 United States Court of Appeals, Ninth Circuit.
 December 9, 1970.
 Rehearing Denied January 7, 1971.
 
 Milton Stern, Jr. (argued), San Francisco, Cal., for bankrupt-appellant.
 Paul M. Koenig, Berkeley, Cal. (argued), William K. Day, San Francisco, Cal., Howell, Elson & Grogan, Berkeley, Cal., for creditor-appellee.
 Before BARNES, ELY and KILKENNY, Circuit Judges.
 BARNES, Circuit Judge:
 
 
 1
 This is an appeal from an order affirming an order of the referee in bankruptcy refusing to grant the bankrupt a discharge. The refusal was based on Section 14c(3) of the Bankruptcy Act, 11 U.S.C. § 32c(3), which provides that a discharge in bankruptcy may be denied where it is shown that the bankrupt (1) obtained money or property on credit * * * (2) by making or publishing * * * a materially false statement in writing respecting his financial condition * * * and on case law which provides there must be proof that the statements were relied upon by the creditor, from whom credit was obtained.
 
 
 2
 Appellant contends that the evidence was insufficient to show that a creditor (here Crocker-Citizens National Bank) relied on the financial statement submitted by appellant which falsely overstated his net profit for the preceding year by over 100%.
 
 
 3
 At the hearing on the objection to discharge, the objector introduced evidence showing that the financial statement was false; was submitted to the bank loan officer by the appellant; was placed in the bank's files on the loan; and that on the same day appellant received a $2,500 loan from the bank.
 
 
 4
 Taking the evidence, as we must, most favorably on behalf of the appellee, we find ample direct proof that the statement was false and that it was submitted to this bank. There is no direct evidence that the bank relied upon it.
 
 
 5
 But direct evidence is not required. As we said in Turner v. Bass, 267 F.2d 308, at 310 (9th Cir. 1959): * * * "the `provided' clause of Section 14, sub. c, means something and is applicable here. * * * [If] there are reasonable grounds for believing the bankrupt has committed any of the acts which * * * would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."
 
 
 6
 When the evidence, at the very least, raised an inference of reliance by the bank on the false statement, this was sufficient to give the Court "reasonable grounds" for believing that the bank had required and hence had relied on the false statement furnished; the burden of proof was then upon the bankrupt to show no reliance by the bank in extending credit. Turner v. Bass, supra; Rogers v. Gardner, 226 F.2d 864, 866 (9th Cir. 1955); Industrial Bank of Commerce v. Bissell, 219 F.2d 624 (2nd Cir. 1955). See 1 Collier on Bankruptcy § 14.43 and cases cited. Some cases go even further.
 
 
 7
 "It is clear from a reading of the numerous cases on this subject that the burden of showing that the lender did not rely upon the alleged false financial statement passes to the bankrupt, once the statement is introduced and admitted as false."
 
 
 8
 In re Lepley, 227 F.Supp. 983, 985 (D. C.Wis.1964). There being no proof to the contrary, the referee properly found reliance in this case.
 
 
 9
 Appellant's contentions that the written objection to discharge lacked specificity and that the proof did not fit within the objection are similarly without merit. Appellant admits that he gave the false statement to no one but the bank, and the specification precisely refers to the false profit figures incorporated in the false statement. Appellant, therefore, had ample advance notice both of the statement in question and the particular creditor to whom it had been given.
 
 
 10
 Affirmed.