439 F.2d 962
 Robert MOREHEAD, Bankrupt, Petitioner-Appellant,
v.
GREENVILLE SUPPLY COMPANY, First National Bank of Central City, Eileen Morris and W. R. Morris, National Mine Service Company, and James S. Sandidge, Trustee, Respondents-Appellees.
 No. 20587.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1971.
 
 James G. Begley, Danville, Ky., for petitioner-appellant.
 William E. Payton, Greenville, Ky., for respondents-appellees; Jarvis, Cornette & Payton, Greenville, Ky., on brief.
 Before PHILLIPS, Chief Judge, and MILLER and KENT, Circuit Judges.
 WILLIAM E. MILLER, Circuit Judge.
 
 
 1
 This appeal is from the order of the District Judge affirming a denial of a discharge to appellant by the referee in bankruptcy on the ground that appellant refused to obey a lawful order of the bankruptcy court, as provided in section 14(c) (6) of the National Bankruptcy Act, 11 U.S.C.A. § 32(c) (6). We affirm.
 
 
 2
 Appellant engages in coal mining in Kentucky. In 1965 he organized the Drakesboro Transportation Company, Inc. to engage in trucking. In 1967, the corporation's articles of incorporation were amended to permit the company to operate a coal mine. Subsequently, Drakesboro entered into a sublease with several individual lessees from Shearn Coal Company to mine coal on property of Shearn in Muhlenberg County, Kentucky. Appellant, his wife and son are the officers and directors of Drakesboro, appellant owning 98 per cent of the capital stock and his wife and son owning one per cent each. The petition in bankruptcy was filed on December 13, 1968. The appellees, creditors of appellant, and the trustee in bankruptcy, moved for an examination of appellant pursuant to section 21(a) of the Act, 11 U.S.C.A. § 44(a). The referee ordered a hearing for May 2, 1969, and in the order directed appellant to produce books and records of the Drakesboro Transportation Company, including federal and state income tax returns, the articles of incorporation and amendments, minutes, stock certificates or ownership records, contracts and books of account, the Shearn Coal Company lease, an assignment of the lease, and records of coal mined from the Shearn property. At the 21(a) hearing, appellant failed to produce the requested books and records, explaining that most of them had been turned over to the lessees under the Shearn lease who were operating the Drakesboro Company with appellant as an employee, although he was still listed as president and a director of Drakesboro. It appeared that appellant's attorney is one of the Shearn lessees. It further appears that appellant's Drakesboro stock was delivered without an endorsement to the Shearn lessees. At the 21(a) hearing appellant testified that the requested corporate records, his stock certificates, and leases were in Danville, Kentucky, in the possession of the Shearn lessees and unobtainable by him.
 
 
 3
 Several days later the appellees filed Specifications of Objections to the discharge. The thrust of the objections was that the appellant's failure to produce the requested records justified a denial of the discharge under 11 U.S.C.A. § 32(c) (6). The referee held a hearing on the Specifications and on February 2, 1970, entered findings of fact, conclusions of law, and an order sustaining the appellees' objections. In April, 1970, the District Court affirmed the denial of the discharge and overruled a motion to vacate his order. From this ruling appellant appeals.
 
 
 4
 The issue before the Court is whether the District Court correctly affirmed the denial of a discharge. Under 11 U.S.C.A. § 66(2) the referee in bankruptcy has full jurisdiction to order the bankrupt to produce books and records bearing on his transactions. In re Marcus Millinery Co., Inc., 37 F.2d 94 (2d Cir. 1930); In re Soloway, 195 F. 103 (D.Conn.1912). Such an order may be made at any time and is sufficient in itself to compel production of the records. A subpoena duces tecum is not necessary. See 2 Collier, Bankruptcy ¶ 21.12 (14th ed. 1969). Such an order should be distinguished from a "turn-over" order, which requires that records or assets of the bankrupt be turned over to the court and its officers, 2 Collier, supra, ¶ 23.10[1]. The District Court should not reverse the order of the referee unless plain error is shown. Estates Construction Corp. v. Stanziano, 148 F.Supp. 174 (N.D.Ohio 1955), aff'd Stanziano v. Friedman, 240 F.2d 845 (6th Cir. 1956). The referee has broad discretion to deny a discharge under section 32(c) (6), and the exercise of that discretion, when approved by the District Court, should not be disturbed except for the most compelling reasons. Minella v. Phillips, 245 F.2d 687 (5th Cir. 1957); In re Newman, 94 F.2d 108 (6th Cir. 1938). Consequently, we look to the record to see whether the referee committed plain error or abused his discretionary power.
 
 
 5
 Appellant first argues that he was denied a hearing on his right to a discharge. Specifically, he cites 11 U.S. C.A. § 32(b), providing that when specifications of objections are made, "the court shall hear such proofs and pleas as may be made in opposition to the discharge," and argues that at the hearing on the objections the appellees failed to put on any evidence in opposition. He also argues that there was thus no record to support the referee's findings of fact and conclusions of law. We find these arguments to be without merit. Here, the referee made an order for submission of books and records of appellant's business dealings. At the 21(a) hearing appellant failed to produce and the referee heard testimony from him to explain that failure. When appellees cited such failure as a ground for denial of the discharge, the subsequent hearing gave the appellant an additional opportunity to substantiate his excuse. No other evidence was produced on this point. The referee again interrogated appellant and his attorney as to the location and possession of the records and either did not believe the proffered explanation or felt that it was insufficient. Cf. Turner v. Bass, 267 F.2d 308 (9th Cir. 1959), cert. denied, 361 U.S. 888, 80 S.Ct. 162, 4 L.Ed.2d 123 (1959). The findings of the referee were not clearly erroneous.
 
 
 6
 Appellant next attacks the sufficiency of the evidence. The testimony at both hearings showed that appellant had surrendered the corporate records, leases, and stock certificates to the Shearn lessees at about the time the sublease was executed. Appellant remained an officer and director of Drakesboro and did not formally endorse his stock over to the Shearn lessees. He did testify that he went on a salary basis with the Shearn lessees when he found that he could not operate the mine under the sublease at a profit. From these facts the appellant argues that the records were adversely held as to the appellant, were not in his possession, that it was error to find that he disobeyed an order of the court to produce them, and indeed that the order itself was unlawful. See Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). We think that the referee could properly conclude that the records were not held adversely to appellant under any claim of the Shearn lessees that would prevent appellant from producing them, and that his order was a valid one. The authorities cited by appellant dealing with situations in which it is impossible for the bankrupt to comply are inapplicable on the facts of the present case.
 
 
 7
 Appellant argues that section 41(a) and (b) of the Act, 11 U.S.C.A. § 69(a) (b), requires the referee to certify the facts concerning the records to the District Court. Section 41(a) (b) deals with the treatment of contempts before the referee. The appellant seems to suggest that the referee should have cited him to the District Court for contempt proceedings rather than deny the discharge. The availability of contempt proceedings as a remedy for disobedience to an order for examination does not preclude the referee from using other remedies, including a denial of discharge. Lindner v. Kilsheimer, 289 F.2d 340 (2d Cir. 1961). The action of the referee was proper and the District Court correctly denied the motion to set aside the referee's order.
 
 
 8
 Affirmed.